[No. 2000.   Decided November 5, 1895.]

CHARLES V. FOWLER, *Respondent,* v. P. S. BURKE
et ux., *Appellants.*

SALE BY HUSBAND — IMPROVEMENTS ON LAND — RIGHTS OF WIFE — PUR-
CHASE OF LAND BY AGENT IN HIS OWN NAME — RIGHT OF PRINCIPAL
TO ENFORCE ASSIGNMENT.

The holding possession of, and making improvements upon, the
land of a railroad company, does not constitute an interest in real
estate, and the sale of the improvements may be made by a contract
of the husband alone.

Even if the possession of the land of another and the making of
improvements thereon would constitute an interest in such land,
the abandonment thereof by the husband, coupled with the placing
of a purchaser in possession of the improvements, and the failure
on the part of the wife to make any objection thereto, would pass a
good title to the improvements, though the wife might possess a
community interest therein.

Where one takes a contract for the sale of land in his own
name under an agreement to at once assign the contract to another,
who has advanced the money for that purpose, the relation between
the parties is that of principal and agent, and no interest in the
property will pass to the agent which a court of equity would allow
him to assert against his principal.

Appeal from Superior Court, Yakima County.—Hon.
JAMES Z. MOORE, Judge.   Affirmed.

*N. T. Caton,* and *Frank H. Rudkin,* for appellants.

*H. J. Snively,* and *Fred Miller,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—The appellants, who were husband
and wife, had made certain improvements on a piece
of land belonging to the Northern Pacific Railroad
Company.   Thereafter, P. S. Burke, the husband,
made a contract for the sale of the improvements to

the respondent, and the first claim upon which appellants seek a reversal of the judgment is that what was so attempted to be sold was an interest in real estate and could not be conveyed by the husband alone.

Under the rule announced by this court in *Lombard Investment Co. v. Carter*, 7 Wash. 4 (34 Pac. 209, 38 Am. St. Rep. 861), it must be held that the improvements on the land and possession thereunder did not constitute an interest in real estate, and that whatever interest appellants had in the improvements was of such a nature that the husband alone could convey it. But it is not necessary to go so far as we did in that case to sustain the action of the superior court upon this question. Even if it should be held that the possession and claim of the appellants constituted an interest in the land, the action of the husband in putting the respondent in possession, and the failure on the part of the wife to make any objection thereto, would, under the circumstances, have passed a good title to the respondent. The rights of the appellants, if they had any, in the land, could be protected only by possession. Hence, when they abandoned possession they forfeited their rights thereunder. This would probably be the result of a simple abandonment of possession, and when such abandonment was coupled with the placing of another in possession, with title to the improvements, it seems clear to us that thereafter neither the husband, who made the sale of the improvements, nor the wife, by reason of her interest in the community property, could claim any right to the land in opposition to the one so in possession. It follows that this assignment of error cannot be sustained.

As a part of the transaction by which title to the

improvements and possession of the land were given to the respondent, it was agreed that the appellant, P. S. Burke, should, with the money of the respondent, procure from the Northern Pacific Railroad Company a contract for the purchase of the land in controversy; that said contract should be taken in his name, but should be in all things for the benefit of the respondent, and should at once, upon its being received by said appellant, be assigned to the respondent. In pursuance of this agreement the money necessary to make the first payment upon the land was furnished by the respondent and by said appellant forwarded to the railroad company, and a contract issued to him in accordance with the understanding between him and the respondent. Upon its receipt he was asked to make the assignment, but refused, and still refuses, so to do. Thereafter he assigned the contract to his wife, the other appellant, who, at the time she took such assignment, had full knowledge of the rights of the respondent in the premises. The superior court found as a fact that, in obtaining this contract from the railroad company, the appellant, P. S. Burke, acted as the agent of the respondent. The court found as matter of law that, under the facts found, the respondent was entitled to have the agreement for the assignment of the contract specifically enforced, and upon an exception to this finding is founded the only other claim of error which requires consideration. In regard to this question, the appellants contend that by the execution and delivery of the contract by the railroad company an equitable title to the land was passed to the appellant P. S. Burke, and that since the agreement for its conveyance to the respondent was not in writing it was void under the statute of frauds; that for the reason that only an equitable

title was acquired, no trust was created by action of law in favor of the respondent, by reason of his having furnished all the money which was paid to the railroad company in procuring the contract.

We do not deem it necessary in this case to decide as to whether or not a trust would have been created in favor of the respondent, if this contract had been obtained from the railroad company by the appellant with money of the respondent without any prior agreement between them as to the purchase. It is enough for us to hold with the superior court that, under all the facts of this case, the appellant, P. S. Burke, was only the agent of the respondent in procuring the contract from the railroad company, and that it was done in his name instead of that of the respondent as a matter of convenience and for reasons having no effect upon their respective rights under the contract, and that by reason of that fact no interest in the property passed to the appellant P. S. Burke, which a court of equity would allow him to assert against the respondent, and his assignee, who took with notice of respondent's rights, was in no better position.

There are only two other assignments of error. One of these has been sufficiently covered by what we have said. The other grows out of the alleged error of the trial court in sustaining exceptions to the report of the referee and in finding facts in modification of, and in addition to, those found by the referee. An examination of the proofs has satisfied us that the action of the court could not rightfully have been other than it was.

The judgment must be affirmed.

SCOTT, ANDERS and DUNBAR, JJ., concur.

GORDON, J., absent.